IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EARNEST J. FILES, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 3:17-CV-615-ECM ) [WO] |
| CLAYTON KIM TAYLOR, *et al.*, | ) ) |
| Defendants. | ) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Earnest Files, Jr. is an inmate incarcerated at the Donaldson Correctional Facility in Bessemer, Alabama. He brings this fee *pro se* 42 U.S.C. § 1983 action alleging that his Fourth Amendment rights were violated based on his arrests without probable cause by Tallapoosa County law enforcement officials in April 2010 and February 2011. Files also challenges the validity of the warrants on which his arrests were based and his state-court criminal proceedings before the District Court and Circuit Court for Tallapoosa County. For relief, Plaintiff requests damages, injunctive relief, court costs, attorney's fees, and trial by jury.[1]

Before the court is a motion to dismiss filed Defendants Taylor, Young, and Morris (collectively the "judicial defendants"). Doc. 20. The judicial defendants move to dismiss on the basis, among others, that the amended complaint is barred by the statute of limitations. The court granted Files an opportunity to respond to the motion to dismiss (Doc. 22) and he has done so. Docs. 23 & 27. Upon review of the judicial defendants' motion to dismiss and Files' response, the court concludes the motion is due to be GRANTED.

---

[1] This case is proceeding before the court on Files' amended complaint filed on March 12, 2018. Doc. 11.

## I. DISCUSSION

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Gilmore v. Day*, 125 F. Supp. 2d 468, 471 (M.D. Ala. 2000). Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In considering a defendant's motion to dismiss, the "court must view the complaint in the light most favorable to the plaintiff and accept all the plaintiff's well-pleaded facts as true." *Am. United Life Ins. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007) (citation omitted).

Dismissal under Federal Rule of Civil Procedure 12(b)(6) "on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *La Grasta v. First Union Secs., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal quotations and citation omitted). The judicial defendants' statute of limitations argument, therefore, will be meritorious only if it can be resolved based on the face of the amended complaint.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. [Plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Therefore, in order to have his claim heard, [Plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (citations omitted).

Files initiated this action on September 14, 2017.[2] He complains that Defendant Morris was not empowered to issue a warrant on or about April 13, 2010, which resulted in his arrest on

---

[2] In accordance with the prior proceedings and orders entered in this matter, this action is before the court on the amended complaint filed by Files on March 12, 2018. *See* Doc. 11. The court, however, considers September 14, 2017 to be the filing date of the complaint. Although the Clerk stamped the original complaint "filed" on September 19, 2017, Files signed his complaint on September 14, 2017, and a *pro se* inmate's complaint is deemed by law to have been filed the date it is delivered to prison officials for mailing.

April 27, 2010 by law enforcement officials with the Alexander City Police Department. Files also complains the Tallapoosa County Narcotics Task Force later subjected him to an unlawful search and seizure and false arrest without probable cause on February 11, 2011, which resulted in his illegal detention in the Tallapoosa County Jail. Files appeared before Judge Clayton Taylor on April 27, 2010 and January 12, 2012, but claims Defendant Taylor lacked subject-matter jurisdiction over his district-court criminal proceedings because no judicial determination of probable cause had been made regarding Files' arrests and detention. Finally, Files challenges as unconstitutional Defendant Thomas Young's revocation of his parole on December 3, 2011, alleging Judge Young acted in the clear absence of all jurisdiction over his circuit-court criminal proceedings. Doc. 11.

These allegations point to the clear conclusion that Files' amended complaint is barred by the statute of limitations applicable to a federal civil action filed by an inmate under 42 U.S.C. § 1983. Files' allegations against the judicial defendants occurred in April 2010, December 2011, and January 2012. By its express terms, the tolling provision of Alabama Code § 6-2-8(a) provides no basis for relief to Files from application of the time bar.[3] Thus, the statute of limitations began to run on the claims challenging the validity of the contested arrest warrant and criminal court proceedings on April 13 and 27, 2010; December 3, 2011; and January 12, 2012. The limitations period for these events ran uninterrupted until they expired, respectively, on April 13 and 27, 2012; December 3, 2013; and January 12, 2014. Yet Plaintiff filed this action on September 14, 2017—well after the expiration of the applicable limitations periods.

---

*Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).

[3] This section allows tolling of the limitations period for an individual who is "insane" "at the time the right accrues." Ala. Code § 6-2-8(a). Nothing in Files' *pro se* complaint demonstrates that he was legally insane at the time of the challenged events so as to warrant tolling under § 6-2-8(a).

Based on the facts apparent from the face of the amended complaint, Files has no legal basis on which to proceed with his claim against the judicial defendants relating to the validity of the challenged warrants and the state-court criminal proceedings because he filed this cause of action more than two years after the challenged actions occurred. With no basis for tolling the limitations period, the two-year period of limitations applicable to each of Files' claims expired prior to the filing of this action. The court therefore concludes that the unconstitutional arrest warrant claim against Defendant Morris and the challenges to the validity of the state-court criminal proceedings against Defendants Taylor and Young are barred by the statute of limitations. The judicial defendants' motion to dismiss is, therefore, is due to be granted and Plaintiff's amended complaint against them is due to be dismissed with prejudice.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion to dismiss (Doc. 20) filed by Defendants Morris, Taylor, and Young be GRANTED;

2. Plaintiff's amended complaint against Defendants Morris, Taylor, and Young be DISMISSED with prejudice and that these defendants be terminated as parties; and

3. This case with respect to the remaining defendants be referred to the undersigned for additional proceedings.

It is further ORDERED that **on or before November 2, 2018**, the parties may file an objection to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. The parties are advised that frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 19th day of October, 2018.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE