IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EARNEST J. FILES, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:17-CV-615-ECM-WC |
| | ) |
| EDGAR PAUL JONES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Earnest Files, Jr. ["Files"], is an inmate incarcerated at the Donaldson Correctional Facility in Bessemer, Alabama. He brings this *pro se* 42 U.S.C. § 1983 action alleging violations of his rights under the Constitution or laws of the United States regarding his arrest and detention in the Tallapoosa County Jail. Files asserts several causes of actions that allegedly occurred between 2010 and 2012. For relief, Plaintiff requests various state court offenses or convictions be declared unconstitutional, damages, court costs, attorney's fees, and trial by jury.[1]

Before the court is a motion to dismiss filed Defendants Sheriff Jimmy Abbett,[2] Chief Deputy David McMichael, Jail Administrator Blake Jennings, and Lieutenant Chris Nail, who are or were employees of the Tallapoosa County Sheriff's Department or the Tallapoosa County Jail (collectively the "county defendants"). Doc. 51. The county defendants move to dismiss on the basis, among others, that the amended complaint is

---

[1] This case is proceeding before the court on Files' amended complaint filed March 12, 2018. Doc. 11.
[2] Incorrectly identified by Files as "Abbott" in the amended complaint.

barred by the statute of limitations. Docs. 51, 52.  The court granted Files an opportunity to respond to the motion to dismiss (Doc. 53) and he has done so. Doc. 55. Upon review of the county defendants' motion to dismiss and Files' response, the court concludes the motion is due to be granted.[3]

## I. DISCUSSION

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Gilmore v. Day*, 125 F. Supp.2d 468, 471 (M.D. Ala. 2000). Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In considering a defendant's motion to dismiss, the "court must view the complaint in the light most favorable to the plaintiff and accept all the plaintiff's well-pleaded facts as true." *Am. United Life Ins. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir.2007) (citation omitted).

Dismissal under Federal Rule of Civil Procedure 12(b)(6) "on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *La Grasta v. First Union Securities, Inc.,* 358 F.3d 840, 845 (11th Cir. 2004) (internal quotations and citation omitted). The county defendants' statute of limitations

---

[3] Because Files paid the full filing and administrative fees, he is not proceeding *in forma pauperis* and was responsible for service of process upon the twelve defendants named in the amended complaint. *See* Doc. 12 at 3–5. A waiver of service was returned executed on behalf of Defendants Clayton Taylor, Thomas Young, Jr., and Jennifer Morris. Doc. 14. These defendants filed a motion to dismiss that was granted by order entered January 7, 2019. Doc. 43. A notice of appearance was filed on behalf of Defendants Abbett, Jennings, McMichaels, and Nail. Doc. 29. A review of the docket fails to reflect service of the amended complaint on the remaining five defendants—William Grant, Erin McWaters, Brandi Hardaway, Damon Lewis, and Edgar Paul Jones.

argument, therefore, will be meritorious only if it can be resolved on the face of the amended complaint.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [Plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (*en banc*). Therefore, in order to have his claim heard, [Plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

Files initiated this action on September 14, 2017.[4] He complains that on February 11, 2011, Tallapoosa County law enforcement officials subjected him to a traffic stop on Highway 280 in Alex City, Alabama. After conducting a search of Files' vehicle, law enforcement officials arrested him. Files was then placed in the Tallapoosa County Jail and later that year—in December of 2011—Judge Thomas Young revoked Files' bond in a 2010 state criminal case and set his bail at $200,000 in March of 2012. Files alleges the county defendants' actions following his alleged unlawful arrest by the Tallapoosa County

---

[4] In accordance with the prior proceedings and orders entered in this matter, this action is before the court on the amended complaint filed by Files on March 12, 2018. *See* Doc. 11. The court, however, considers September 14, 2017, to be the filing date of the complaint. Although the Clerk stamped the original complaint "filed" on September 19, 2017, Files signed his complaint on September 14, 2017, and a *pro se* inmate's complaint is deemed by law to have been filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir.1993).

Narcotics Task Force in February 2011 amounted to an illegal detention without due process in violation of the Fourth and Fourteenth Amendments.[5] Doc. 11 at 8–16.

Based on the allegations in the amended complaint and the response to the county defendants' dispositive motion, the county defendants were not involved in Files' arrest in February 2011. Rather, the court understands Files to argue that the county defendants, as jailers or sheriff's department employees, knew or should have known that their detention of him in the county jail based on the alleged unlawful arrest by individuals with the Tallapoosa County Narcotics Task Force in February of 2011 violated his constitutional rights. Even if sheriffs and other county jail personnel have a duty to investigate the reasonableness of arrest warrants or complaints against detainees in their care, *see Hendricks v. Sheriff, Collier Cty., Florida*, 492 F. App'x. 90, 96 (11th Cir. 2012) ("Assuming *arguendo* that Appellants' detention constituted false imprisonment under § 1983, there was and is no clearly established law requiring a sheriff or undersheriff to investigate every lead alleging wrongful detention."), Files' allegations make clear his amended complaint against the county defendants is barred by the statute of limitations applicable to a federal civil action filed by an inmate under 42 U.S.C. § 1983.

Files' amended complaint against the county defendants seeks to challenge matters associated with the validity of his detention in the Tallapoosa County Jail following his arrest in 2011. By its express terms, the tolling provision of *Ala. Code* § 6-2-8(a) provides

---

[5] This is a truncated description of the allegations made by Files against the county defendants in his amended complaint, the allegations of which in their entirety are, at best, disjointed, rambling, and difficult to follow.

no basis for relief to Files from application of the time bar.[6] Thus, the statute of limitations began to run on the claims challenging the validity of his contested detention in February 2011. The limitations period for this event ran uninterrupted until it expired in February of 2013. Yet Files initiated this action on September 14, 2017—well after the expiration of the applicable limitations period.

Based on the facts apparent from the face of the amended complaint, Files has no legal basis on which to proceed with his claims against the county defendants regarding the validity of his challenged detention in the Tallapoosa County Jail because he filed this cause of action more than two years after the challenged actions occurred. With no basis for tolling the limitation period, the two-year period of limitations applicable to Files' claims expired prior to the filing of this action. The court therefore concludes that Files' constitutional challenges asserted against the county defendants concerning his detention in the county jail are barred by the statute of limitations. Therefore, the county defendants' motion to dismiss is due to be granted, and Files' amended complaint against them is due to be dismissed with prejudice.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The motion to dismiss (Doc. 51) filed by Defendants Abbett, Jennings, McMichaels, and Nail be GRANTED;

---

[6] This section allows tolling of the limitations period for an individual who "is, at the time the right accrues ... insane...." *Ala. Code* § 6-2-8(a). The amended complaint demonstrates that Files was not legally insane at the time of the challenged events so as to warrant tolling under *Ala. Code* § 6-2-8(a).

2.      Plaintiff's amended complaint against Defendants Abbett, Jennings, McMichaels, and Nail be DISMISSED with prejudice and these defendants be terminated as parties; and

3.      This case with respect to the remaining defendants be referred to the undersigned for additional proceedings.

It is further

ORDERED that **on or before July 24, 2019**, the parties may file an objection to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  The parties are advised that frivolous, conclusive, or general objections will not be considered.   This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993)("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 10th day of July, 2019.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE