IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| EARNEST J. FILES, JR., #107 834, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  3:17-cv-615-ECM-WC |
| | ) | |
| EDGAR PAUL JONES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

On October 17, 2019, the court ordered Plaintiff to show cause why the remaining

unserved defendants in this case—Brandi Hardaway, Edgar Jones, Damon Lewis, William

Grant, and Erin McWaters— should not be dismissed under Fed. R. Civ. P. 4(m). Doc. 61.[1]

Plaintiff has filed no response to the October 17, 2019, Order and the time for doing so has

expired.[2] As to these unserved defendants, the court finds Plaintiff has failed to serve

Defendants Hardaway, Jones, Lewis, Grant, and McWaters.

Rule 4(m) states "[i]f a defendant is not served within 90 days after the complaint

is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the

---

[1] The court entered the October 17, 2019,  order after a  review of the docket reflected more than 90 days had elapsed since the deadline set for service of process on the defendants remaining as parties to this action (*see* Doc. 12) and no waiver of summons or certification of service and documents reflecting proper, completed service upon Defendants Brandi Hardaway, Edgar Jones, Damon Lewis, William Grant, and Erin McWaters had been filed.

[2] By order entered April 18, 2018, Plaintiff was directed to provide the court, by July 31, 2018, with certification of service and documents reflecting proper, completed service upon each Defendant, or request an enlargement of time within which to complete service of process. Plaintiff was cautioned that failure to provide proof of proper service for each Defendant or failure to show good cause for failing to effect service within the time allotted will result in the dismissal of individual defendants or the entire case without further notice. Fed. R. Civ. P. 4(m)." Doc. 12.

action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

The time period for service has elapsed, and there is neither a waiver of service nor any other proof of service in the record for Defendants Hardaway, Jones, Lewis, Grant, and McWaters.  And the court finds nothing which warrants granting an extension of the time for service on the unserved defendants.[3] *See Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005). Consequently, Plaintiff's claims against Defendants Hardaway, Jones, Lewis, Grant, and McWaters are subject to dismissal without prejudice for failure to serve these unserved defendants in accordance with applicable procedural rules.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against Defendants Brandi Hardaway, Edgar Jones, Damon Lewis, William Grant, and Erin McWaters be DISMISSED without prejudice for failure to effect service on these individuals in accordance with applicable procedural rules;

2.  Defendants Brandi Hardaway, Edgar Jones, Damon Lewis, William Grant, and Erin McWaters be TERMINATED as parties to the complaint;

3.  There being no defendants remaining to this cause of action, this matter be DISMISSED.

---

[3] The court notes that of the defendants served in this matter, the court granted their motion to dismiss on statute of limitation grounds. Docs. 43, 60. Based on the allegations in the amended complaint against all the named defendants, the court observes resolution of Plaintiff's claims against the unserved defendants would likely be resolved on the same basis and thus, allowing any further extension of time for service is not indicated.

It is further

ORDERED that **on or before February 10, 2020**, the parties may file an objection to this Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 27th day of January, 2020.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE